# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2013

No. 12-51289
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VIRGILIO BERRIOS-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-548-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Virgilio Berrios-Ramirez appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the within-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Specifically, Berrios-Ramirez argues that the guidelines range failed to account for the non-violent nature of his illegal reentry offense and his benign motive for returning to the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States, that the sentence failed to account for his personal history and characteristics, and that the district court placed too much emphasis on his criminal history.  Because Berrios-Ramirez did not object to the substantive reasonableness of his sentence in the district court, plain error review applies. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

"When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the . . . § 3553(a) factors, we will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *Id.*

Berrios-Ramirez contends that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not empirically based and therefore produces a sentencing range too high to fulfill § 3553(a)'s goals.  He concedes that his argument is foreclosed by circuit precedent but seeks to preserve the issue for further review.  As Berrios-Ramirez concedes, we have consistently rejected an "empirical data" argument.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).

The district court considered Berrios-Ramirez's mitigation arguments and request for a sentence at the bottom of the applicable guidelines range, and it ultimately concluded that a sentence at the middle of the guidelines range was appropriate based on the totality of the circumstances and the § 3553(a) factors. We have rejected the argument that the Sentencing Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Further, Berrios-Ramirez's arguments that his alcohol problem, motive

for reentering, cultural assimilation, and inability to obtain fast-track relief justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Therefore, Berrios-Ramirez has failed to show that his 46-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error. *See Campos-Maldonado*, 531 F.3d at 339. The district court's judgment is AFFIRMED.